UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XTONE, INC.,

Plaintiff,

v.

AMAZON.COM, INC., AMAZON WEB
SERVICES, INC., and AMAZON.COM
SERVICES LLC,

Defendants.

No. 2:26-cv-00653-JHC

**STIPULATED PROTECTIVE ORDER**

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file protected information under seal.

2.      PROTECTED MATERIAL

2.1      "Protected" material shall include "Confidential," "Highly Confidential," and "Highly Confidential—Source Code" material or information (regardless of how it is generated, stored or maintained).

PROTECTIVE ORDER
(2:26-cv-00653-JHC)

1

2.2   "Confidential" material shall include material or information (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c) and shall include the following: non-public documents identifying actual or potential customers; research and development; non-public completed or ongoing projects; non-public responses to solicitations or requests for proposals; information subject to non-disclosure or other confidentiality agreements with third parties, and information which the producing party otherwise believes in good faith to be entitled to protection.

2.3   "Highly Confidential" material shall include material or information (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, and shall include the following: proprietary design and development materials for products and/or services; proprietary algorithms, software, designs, and trade secrets; sensitive products and/or services; strategic decision making information; projections; and financial and pricing details.  Highly Confidential material also includes any personal information that a party or non-party reasonably believes to be subject to federal, state, or foreign data protection or privacy laws, including The Gramm-Leach-Biley Act, 15 U.S.C. § 6801, et seq., the Health Insurance Portability and Accountability Act ("HIPAA") and related regulations, the UK Data Protection Act 2018; and EU Regulation 2016/670 of the European Parliament and of the Counsel of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data ("GDPR").

2.4   "Highly Confidential—Source Code" material shall include material or information (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c) and is: material or information representing or consistent of "Source Code," which means and refers to material that comprises, includes, or substantially discloses confidential, proprietary, or trade secret source code or algorithms.  Such material may include, among other things, computer code, associated comments, and/or revision histories for computer code; and/or formulas, engineering specifications, or schematics that define or otherwise describe

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                          2

in detail the algorithms or structure of software designs.

3.    SCOPE

The protections conferred by this agreement cover not only protected material (as defined above), but also (1) any information copied or extracted from protected material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal protected material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Basic Principles.  A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected material may be disclosed only to the categories of persons and under the conditions described in this stipulated protective order. Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.  Nothing in this stipulated protective order restricts a producing party's use of its own protected materials.

4.2    Disclosure of "Confidential" Information and Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Confidential" material only to:

(a)    the receiving party's outside counsel and law firms of record in this action, as well as the attorneys and employees for such law firms of record  to whom it is reasonably necessary to disclose the information for this litigation;

(b)    up to two officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgement and Agreement to be Bound (Exhibit A), provided to the designating party prior to any disclosure of the "Confidential" material;

(c)    experts and consultants and their staff to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound"

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                    3

(Exhibit A) and who have been disclosed in accordance with paragraph 4.5 below without any unresolved objections;[1]

        (d)    mock jurors and mock jury personnel who have signed the "Acknowledgment and Agreement to Be Bound" (Schedule A);

        (e)    the court, court personnel, and court reporters and their staff;

        (f)    professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "Confidential" material to third parties and to immediately return all originals and copies of any "Confidential" material upon completion of their professional services;

        (g)    during their depositions, witnesses testifying on behalf of the designating party in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "Confidential" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

        (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (i)    any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

    4.3    <u>Disclosure of "Highly Confidential" Information and Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Highly Confidential" material only to:

---

[1] For purposes of this paragraph, reference to experts and consultants include the direct reports and support personnel of those experts and consultants. The individual expert or consultant may sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) on behalf of all employees and support personnel assisting the individual expert or consultant.

PROTECTIVE ORDER
(2:26-cv-00653-JHC)               4

(a)      the receiving party's outside counsel and law firms of record in this action, as well as the attorneys and employees for such law firms of record  to whom it is reasonably necessary to disclose the information for this litigation;

(b)      experts and consultants (and their staffs) to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been disclosed in accordance with paragraph 4.5 below without any unresolved objections;[2]

(c)      the court, court personnel, and court reporters and their staff;

(d)      professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided that counsel for the party retaining professional vendor not to disclose any "Highly Confidential" material to third parties and to immediately return all originals and copies of any "Highly Confidential" material upon the completion of their professional services;

(e)      during their depositions, witnesses testifying on behalf of the designating party in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal "Highly Confidential" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)      any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.4      Disclosure of "Highly Confidential—Source Code" Information and Items. Unless

---

[2] For purposes of this paragraph, reference to experts and consultants include the direct reports and support personnel of those experts and consultants.  The individual expert or consultant may sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) on behalf of all employees and support personnel assisting the individual expert or consultant.

otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Highly Confidential—Source Code" material only to:

(a)    the receiving party's outside counsel and law firms of record in this action, as well as the attorneys and employees for such law firms of record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    up to four experts and consultants  and their staff to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been disclosed in accordance with paragraph 4.5 below without any unresolved objections;[3]

(j)    mock jurors and mock jury personnel who have signed the "Acknowledgment and Agreement to Be Bound" (Schedule A);

(c)    the court, court personnel, and court reporters and their staff;

(d)    professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors , provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "Highly Confidential—Source Code" material to third parties and to immediately return all originals and copies of any "Highly Confidential—Source Code" material upon the completion of their professional services;

(e)    during their depositions, witnesses testifying on behalf of the designating party in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal "Highly Confidential—Source Code" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

---

[3] For purposes of this paragraph, reference to experts and consultants include the direct reports and support personnel of those experts and consultants.  The individual expert or consultant may sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) on behalf of all employees and support personnel assisting the individual expert or consultant.

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                               6

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)     any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.5     Procedures for Disclosing, Approving, or Objecting to Retained Experts and Consultants.  Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert or consultant any protected material, must first make a written request to the designating party that: (1) sets forth the full name of the expert or consultant and the city and state of his or her primary residence, (2) attaches a copy of the expert's or consultant's current resume or curriculum vitae, (3) identifies the expert's or consultant's current employer(s), (4) identifies each person from whom the expert or consultant has received compensation or funding for work in his or her area of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and the party to the litigation for whom such work was done, (5) identifies (by name and number of the case) any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, testimony by deposition, or testimony at trial, during the preceding five years, and (6) identifies any patents or patent applications in which the expert or consultant is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

4.6     Basic Principles.  Before filing protected material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific protected information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under

seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

   5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2    Manner and Timing of Designations.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

      (a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "Confidential," "Highly Confidential," or "Highly Confidential—Source Code" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly

PROTECTIVE ORDER
(2:26-cv-00653-JHC)

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within thirty (30) days after receiving the final transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect protected information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential," "Highly Confidential," or "Highly Confidential—Source Code."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If corrected promptly after the failure to designate first became known to the producing party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                    9

confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).   The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

6.4     Objections to Experts or Consultants.  Any objection by the designating party to a consultant or expert receiving protected information must be made in writing within five (5) business days following receipt of the disclosures of the proposed expert.  Protected information may be disclosed to a consultant or expert if the five (5) business day period has passed and no objection has been made.  The approval of experts must not be unreasonably withheld and the parties agree to promptly confer in good faith to resolve any objections regarding the disclosure of experts or consultants as set forth in the paragraphs above.  Should the parties not reach agreement within five (5) business days of the written objection, the procedures set forth in paragraph 6.3 shall apply. Any motion must be made within fourteen (14) days of the designating party's objection.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," "Highly Confidential," or "Highly Confidential—Source Code" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
         MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R.  Evid. 502(d) as set forth herein.

10.     NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all protected material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Attorney work product Materials that contain protected information need not be destroyed, but, if they are not destroyed, the person(s) in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.  Additionally, no person or receiving party is obligated to return or destroy protected information contained on electronic backup or other archival media, which should be treated in accordance with existing retention policies.

11.    NON-PARTY'S PROTECTED INFORMATION SOUGHT TO BE PRODUCED IN THIS CASE

The terms of this Protective Order are applicable to information produced by a non-party in this case and designated as "Confidential," "Highly Confidential" or "Highly Confidential— Source Code."  Such information produced by non-parties in connection with this case is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

12.    PROSECUTION BAR

1.    Absent written consent from the producing party, any individual who has access to protected information designated by the opposing party shall not be involved in the filing or prosecution of patent applications any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.

For purposes of this section, "prosecution" includes (i) preparing or prosecuting (for any person or entity) patent applications or (ii) directly or indirectly participating, drafting, amending,

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                     12

advising on the scope of new, amended, or proposed patent claims that will be or are being put before the Patent Office or other a similar foreign or domestic agency.

The parties expressly agree that the Prosecution Bar set forth herein shall be personal to each attorney, expert, or other individual who has access to protected information subject to the Prosecution Bar in this section and shall not be automatically imputed to any other persons at that person's firm, company, or organization.  To the extent a person at the relevant firm, company, or organization works on the filing or prosecution as described in this section, that person shall certify in writing to the producing party that they did not have access to protected information.

2.    This Prosecution Bar shall begin when the affected individual first has access to protected information and shall end two years after final disposition of this Case, including appeals. Nothing in this Order shall prevent a person with access to any patent application pertaining to the field of the invention of the patents in-suit from participating in a PTO proceeding, *e.g.*, IPR, PGR, or re-exam, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s)."

13.    DISCLOSURE AND INSPECTION OF SOURCE CODE

13.1    Two identical electronic copies of source code or executable code shall be made available for inspection by the producing party on stand-alone computers at one or more locations to be agreed to by the parties.  The stand-alone computers shall be password protected and supplied by the source code provider.  Access to the stand-alone computer shall be permitted, after notice to the producing party and an opportunity to object, for three (3) outside counsel representing the requesting party and three (3) consultants or experts (whether or not designated as a testifying expert) retained by the requesting party for purposes of this case, all of whom have been approved under the provisions of this Stipulated Protective Order.[4]

---

[4] For the purposes of this paragraph, a consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Section 4.5

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                    13

13.2    The receiving party may request hard copy print outs of a reasonable number of source code files that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code in lieu of the inspection above.  Requests for less than 1000 pages in total over the course of the case shall be presumed to be reasonable.  All paper copies of source code excerpts shall be produced by the producing party within four (4) business days of the request (unless otherwise agreed or additional time is needed due to the volume requested).  The producing party shall provide all such source code in paper form including production numbers and the label "Highly Confidential—Source Code."

13.3    The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area in the offices of outside counsel.  The receiving party shall not create any electronic or other images of paper copies of source code and shall not convert any of the information contained in the paper copies into any electronic format except as necessary for presenting to or for filing under seal with the court.  The receiving party shall request no more than five (5) additional paper copies.  One hard copy of the source code may be marked as an exhibit for the deposition and then maintained by outside counsel for the party presenting the exhibit during the deposition in a secured locked area when not in use.  Any paper copies used during a deposition shall not be given to or left with a court reporter or any other unauthorized individual unless approved by a producing party or its counsel.  Upon request of a receiving party at least five (5) business days before a deposition, a producing party shall make available an electronic copy of the source code or executable code in electronic form for use by the witness at the deposition.  The parties agree to make reasonable accommodations to modify the date of the deposition or for any extension to a schedule required by a deposition postponed under this section where any source code issues are not resolved before the date of the deposition.

13.4    A producing party's source code may only be transported by the receiving party at the direction of a person authorized to receive materials designated as "Highly Confidential" under the Protective Order, on paper via hand carry, Federal Express, or other similarly reliable and tracked courier service.

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                      14

13.5     The stand-alone computer shall include software utilities which will allow outside counsel and experts to view, search, and analyze the source code.  At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  The parties will agree on the specific software tools in advance of any source code review.  Fully and appropriately licensed copies of any software tools must be used and under no circumstances will a trial version of a software tool be used. The producing party shall provide licenses for the software utilities listed herein; licenses for any additional software utilities shall be provided by the receiving party.

13.6     The stand-alone computer will be restricted such that there is no internet access apart from white-listed domains necessary for operation.  The stand-alone computer will also be configured to disable all USB connections, screenshots, screen sharing, copy/paste, or other ability to transfer any data off of the stand-alone computer.

13.7     When the receiving party wishes to review the producing party's source code, the receiving party shall provide notice of at least five (5) business days to the producing party.  The notice shall include the estimated start time of the review, estimated duration of the review, and identification of the individual(s) who will be reviewing the source code.  Unless otherwise agreed among the parties, the review shall occur on a business day between the hours of 9:00 AM through 5:00 PM in the time zone where the relevant stand-alone computer is located.

13.8     During source code review, the reviewing party may take notes about the source code on a non-networked laptop (or equivalent device) or by pen/pencil and paper.  Such notes shall not reproduce the source code verbatim or serve as a substitute for a request for hard copy print outs of source code in accordance with section (d).  Such notes shall be subject to the use and disclosures provisions of this Stipulated Protective Order and will not be subject to review by the producing party.  During the review, the reviewer may not make phone calls, except to other authorized reviewers.  The reviewer shall not use any networked devices of any kind during a source code review.  The reviewer must leave the room where the review is being conducted to use internet connected devices or make private phone calls.

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                           15

DAVIS WRIGHT TREMAINE LLP

By*: s/ Benjamin J. Byer*
   John Goldmark, WSBA #40980
   Benjamin J. Byer, WSBA #38206
   920 Fifth Avenue, Suite 3300
   Seattle, WA 98104
   Tel: 206.622.3150
   johngoldmark@dwt.com
   benbyer@dwt.com

LATHAM & WATKINS LLP
   Matthew J. Moore (pro hac vice)
   Ashley N. Finger (pro hac vice)
   Qiushi (William) Yao (pro hac vice)
   555 Eleventh Street, NW, Suite 1000
   Washington, D.C. 20004
   Tel: 202.637.2200
   matthew.moore@lw.com
   ashley.finger@lw.com
   william.yao@lw.com

   Richard G. Frenkel (pro hac vice)
   801 Jefferson Avenue, Suite 300
   Redwood City, CA 94063
   Tel: 650.328.4600
   rick.frenkel@lw.com

   Allison Harms (pro hac vice)
   505 Montgomery Street, Suite 2000
   San Francisco, CA 94111
   Tel: 415.391.0600
   allison.harms@lw.com

   Julianne Campbell (pro hac vice)
   1271 Avenue of the Americas
   New York, NY 10020
   Tel: 212.906.1200
   julianne.campbell@lw.com

*Attorneys for Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Amazon.com Services LLC*

MARTINEZ & FARMER LLP

By*: s/Tyler L. Farmer*
By*: s/Ariel A. Martinez*
   Tyler L. Farmer, WSBA #39912
   Ariel A. Martinez, WSBA #54869
   4020 East Madison St., Suite 300
   Seattle, WA 98112
   Tel:  (206) 208-2270
   Email: tyler@mfseattle.com
   Email: ariel@mfseattle.com

REICHMAN JORGENSEN LEHMAN FELDBERG LLP

   Courtland L. Reichman (pro hac vice pending)
   creichman@reichmanjorgensen.com
   Shawna Ballard (pro hac vice pending)
   sballard@reichmanjorgensenc.com
   Jennifer P. Estremera (pro hac vice)
   jestremera@reichmanjorgensen.com
   100 MARINE PKWY STE 300
   REDWOOD SHORES, CA 94065
   Tel: 650-623-1401
   Fax: 650-623-1449
   Email: jestremera@reichmanjorgensen.com

   Christine E. Lehman (pro hac vice)
   clehman@reichmanjorgensen.com
   REICHMAN JORGENSEN LEHMAN
   & FELDBERG LLP
   1909 K Street, NW, Suite 800
   Washington, DC 20006
   Telephone: (202) 894-7310

   Michael Matulewicz-Crowley (pro hac vice)
   mmatulewicz-crowley@reichmanjorgensen.com
   REICHMAN JORGENSEN LEHMAN
   & FELDBERG LLP
   400 Madison Avenue, Suite 14D
   New York, NY 10017
   Telephone: (212) 381-1965

*Attorneys for Plaintiff*

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                                    16

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


        DATED June 8, 2026.


                                        _John H. Chun_____
                                        JOHN H. CHUN
                                        United States District Judge

PROTECTIVE ORDER
(2:26-cv-00653-JHC)                          17

**Exhibit A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Xtone, Inc. v. Amazon.com, Inc.*, No. 2:26-cv-00653-JHC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER
(2:26-cv-00653-JHC)