UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XTONE INC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC ET AL.,<br><br>Defendants. | CASE NO. 2:26-cv-00653-JHC<br><br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Defendants' Motion to Limit the Number of Asserted Claims and to Narrow Prior Art Arguments. Dkt. # 124. The Court has considered the materials filed in support of and in opposition to the motion, the parties' comments during the telephonic status conference on November 6, 2026, the rest of the case file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion.

## II
## DISCUSSION

"It is undisputed that for the sake of judicial economy and management of a court's docket, a court may limit the number of asserted claims in a patent case." *Medtronic Minimed*

*Inc. v. Animas Corp.*, 2013 WL 3322248, at *1 (C.D. Cal. April 5, 2013) (collecting cases); *see also Telebuyer, LLC v. Amazon.com, Inc.*, 2014 WL 5312275, at *2 (W.D. Wash. Oct. 16, 2014) ("The district court may exercise [its broad discretion to administer the proceedings] by requiring a patentee to reduce the number of asserted claims."); Dkt. ## 124 at 10 (acknowledging the Court's discretion to narrow the number of asserted claims); 126 at 5, 10–11 (same). It is also undisputed that Plaintiff will (and must) reduce its total number of asserted claims between now and trial. *See generally* Dkt. ## 107, 124; 126, 129, 136, & 137. What is disputed, however, is how and when such narrowing must occur. *See id.*

According to Defendants, Plaintiff has everything it needs to evaluate its claims and so permitting Plaintiff to proceed to with hundreds of claims is inefficient and unreasonable. *See generally* Dkt. # 124. Defendants thus request that the Court order: (1) Plaintiff to elect no more than 32 claims by October 26, 2026; (2) Defendants to elect no more than 10 prior art arguments per claim by November 16, 2026; (3) Plaintiff to elect no more than 16 claims by December 14, 2026; and (4) Defendants to elect no more than 5 prior art arguments per claim by January 8, 2027. *Id.* at 9. And Defendants have since clarified that they still seek an order as to the final two deadlines, even though it is too late to issue an order as to the first two deadlines. *See* Dkt. # 137.

Plaintiff responds that such narrowing is premature, as it does not have everything it needs to evaluate its claims. *See generally* Dkt. ## 126 & 137. It also contends that if the Court decides to issue a narrowing order now, it should adopt Plaintiff's proposed schedule from the Joint Status Report at Dkt. # 107. *See* Dkt. # 126 at 16; *see also* Dkt. # 107 at 21–22 (Xtone's proposed narrowing schedule). And Plaintiff has told the Court that as of October 26, 2026, its number of asserted claims is down to 152, and that it will "continue to evaluate the asserted

claims as discovery proceeds and make further reductions[.]" Dkt. # 136 at 2; *see also* Dkt. # 137.

The Court agrees and disagrees with both sides in part. As for Defendants' position, the Court agrees that permitting Plaintiff to proceed through the claim construction process with hundreds of claims will waste judicial resources and unfairly burden Defendants. *See* Dkt. # 124 at 11. It also agrees that if Plaintiff possesses the core information it needs to make its narrowing decisions, narrowing may be appropriate before claim construction and/or the close of all discovery. *See id.* at 11–12. As for Plaintiff's position, the Court agrees that requiring Plaintiff to reduce its asserted claims from 218 (or 152) to 16 at this juncture is both unfair and unsupported by the caselaw. *See* Dkt. # 126 at 9–15. It also agrees that any court-ordered narrowing should be reciprocal, *see id.* at 15, although not necessarily identical.

Accordingly, the Court ORDERS the following narrowing schedule:[1]

(1) On or before November 24, 2026, the parties shall file a joint status report concerning the status of the core discovery in this action. If the parties agree that Defendants have completed their core technical production, they shall file a stipulation and proposed order to that effect. If the parties continue to dispute whether Defendants have completed their core technical production, then they shall identify their positions and the nature of the disagreement in the Joint Status

[1] The Court believes that such schedule is fair to both sides and consistent with other narrowing decisions from this Circuit. *See, e.g.*, *Telebuyer*, 2014 WL 5312275, at *3 (limiting the number of asserted claims from 800 to 32 after core technical production, but before claim construction, and then ordering further narrowing to 16 after entry of the claim construction order); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 2013 WL 6173761, at *1 (W.D. Wash. Nov. 25, 2013) (limiting the number of asserted claims from 114 to 35 after claim construction); *Universal Elecs. Inc. v. Roku Inc.*, 2019 WL 1878351, at *2, 5 (C.D. Cal. Mar. 14, 2019) (limiting the number of asserted claims from 106 to 25 after infringement contentions, invalidity contentions, and core technical documents were exchanged); *Medtronic*, 2013 WL 3322248, at *2 (rejecting the plaintiffs' assertion of unfair prejudice based on the court allowing them "to assert additional patent claims . . . on the condition that the additional claims raise separate and distinct legal issues from those raised by the already-selected claims").

Report. Similarly, if Plaintiff believes that any other core discovery is outstanding and critical to its ability to narrow claims, it shall identify such discovery and the currently anticipated timeline for its production. The Court may order additional joint status reports regarding the status of core discovery. And it advises the parties that once core discovery is complete, it will issue an order to that effect.

(2) Within 21 days of the Court entering an order re: completion of core discovery, Plaintiff shall elect no more than 8 claims per patent and no more than 36 asserted claims in total.

(3) Within 21 days after receipt of Plaintiff's selections, Defendants shall elect no more than 10 prior art arguments per claim and no more than 36 prior art arguments in total.

(4) Within 21 days of the Court entering its order re: claim construction, Plaintiff shall elect no more than 6 claims per patent and no more than 16 asserted claims in total. Upon a showing of good cause, Plaintiff may seek leave to substitute and/or reassert claims later.

(5) Within 21 days after receipt of Plaintiff's selections, Defendants shall elect no more than 5 prior art arguments per claim and no more than 16 prior art arguments in total. Upon a showing of good cause, Defendants may seek leave to substitute and/or reassert prior art arguments later.

The Court also notes that nothing in this Order should be read to preclude the parties from moving to amend any of these deadlines and limits via joint stipulation. Likewise, nothing in this Order should be read to preclude the parties from moving to amend any other deadlines in this matter via joint stipulation or independent motion if good cause exists.

## III
## CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion (Dkt. # 124) and ORDERS the parties to comply with the narrowing schedule set forth above.

Dated this 10th day of November, 2026.

John H. Chun
United States District Judge